## PROVIDENCE.

GORHAM P. POMROY *vs.* DANIEL L. D. GRANGER, City Treasurer of the City of Providence.

A declaration in trespass on the case against a city, in which the act complained of is the negligent digging in and excavation of the river bottom in the Providence river around piles on which the plaintiff's building rested whereby they were undermined, for the purpose of saving the expense of frequent removals of sand, etc., deposited by the city itself in the river by the maintenance of a sewer, and to provide a settling basin for the same, states a good cause of action.

An allegation of malicious motive in such case is material only to the question of damages, not to the plaintiff's right of action, and no point relative thereto arises on demurrer.

TRESPASS ON THE CASE. Certified from the Common Pleas Division on demurrer to the declaration.

*June* 25, 1894. MATTESON, C. J. We are of the opinion that the first count in the declaration is defective in that it does not show in what respect the city of Providence was negligent in removing the sand, filth and sewage from the river and digging in and excavating the river bottom, so that it may appear how its negligence caused the displacement, dislodgment, inclination and bulging of the piles on which the plaintiff's building was constructed.

The defendant's argument in support of his demurrer to the second count is to the effect that the plaintiff is not entitled to the lateral support of the adjoining land for his piles and coal pocket with its contents: that in the case of an ordinary highway on the land, the consequential damages to the adjoining land by the cutting down, grading or regrading of the way must be borne, at common law, by the abutter, notwithstanding the fact that his land is deprived of its lateral support, such injury being *damnum absque injuria:* that the Providence river, being an arm of the sea, is a public highway for navigation into which is poured the drainage of two rivers, its branches, and that its harbor is a settling basin for the solid matters brought to it by these

rivers and requires constant dredging for the improvement of its navigation : that there is no difference in principle between a highway on land and a river highway, and no difference in the application of the principle stated between the loss of lateral support from the dredging of a river and such loss from the cutting down, grading or regrading of a land highway, since public convenience requires and, therefore, justifies both: that the declaration alleges that the plaintiff's coal pocket was constructed on piles driven in the river bottom and consequently it appears that the plaintiff has constructed his building over the river, and that the loss of lateral support complained of is not of the banks of the shore : that a liability ensues only for the removal of the banks of the shore, by reason of which the sea invades and encroaches on land not previously flowed : that a municipal corporation has the inherent right to remove nuisances from highways for the safety or convenience of travel, and that there is no difference in principle between a nuisance or obstruction on a land way and one in a water way : that in case of a water way, moreover, such an act of removal is in the interest of navigation and commerce, and, hence, the improvement of its harbor is clearly as justifiable as any other act for the public benefit : that it is a matter of common knowledge that the city of Providence, as well as other cities bordering on an arm of the sea, has frequently appropriated money for such a purpose without express authority from the legislature : that even a private person has the right to dredge within the harbor lines to improve navigation in front of his wharf, to afford a safe berth for vessels, or to deepen passages to the main channel to enable vessels to reach his wharf.

While these arguments might be entitled to weight in a case to which they apply, we do not see that they are applicable to the case made by the second count. The allegations of the count are in substance, that the city of Providence was at the time of the grievances complained of possessed of a certain sewer which discharged into the Providence river adjoining the plaintiff's building, by means of which the city

caused to be deposited in the bed of the river, around and near the piles on which the plaintiff's building was constructed, large quantities of sand, filth and sewage, in consequence of which it became the duty of the city at frequent intervals and from time to time whenever the sand, filth and sewage had accumulated to such an extent as to inferfere with the navigation of the river, to remove it; that not regarding its duty in that behalf, and in order to avoid the expense of frequent removals of the sand, filth and sewage so deposited and to provide a basin in which the same might settle, the city negligently and improperly dug in and excavated the river bed around and near the piles on which the plaintiff's building was constructed, in such manner as to deprive the land of the plaintiff of its natural support and to cause it to move outward into the excavation made, carrying with it the piles sunk therein and displacing and dislodging them and causing them to incline and bulge outward, &c.

The act complained of, it will be observed, is the careless and negligent digging in and excavation of the river bottom around and near the piles on which the plaintiff's building rested, whereby they were undermined, for the purpose of saving the expense of frequent removals of the sand, filth and sewage deposited by the city itself in the river by the maintenance of its sewer, and to provide a settling basin for the purpose of holding such sand, filth and sewage : not the legitimate dredging which the city might, perhaps, be entitled to do for the improvement of its harbor in the interest of navigation. We are of the opinion that the second count states a good cause of action, and, hence, that the demurrer to it should be overruled.

The substantial difference between the second and third counts is that the latter contains an allegation that the city of Providence did the act complained of with intent to injure and prejudice the plaintiff and to deprive him of the use, benefit and advantage of his wharf and coal pocket in as ample and beneficial a manner as he had or of right ought to have used them, and to injure him in his business as a dealer in coal. The defendant contends that the allegation of a

malicious motive is wholly immaterial in determining whether a right of the plaintiff has been violated. If this be granted, it is nevertheless true that malice is often an important element in the consideration of the question of damages. The point, however, goes only to the question of damages, not to the right of the plaintiff to maintain his action. It does not, therefore, properly arise on demurrer, and we do not deem it necessary, or advisable, to consider it further in the present stage of the case.

The demurrer is overruled and the case remitted to the Common Pleas Division for trial.

*Richard B. Comstock, Rathbone Gardner, Cyrus M. Van Slyck & Charles C. Mumford,* for plaintiff.

*Francis Colwell,* City Solicitor, *& Albert · A. Baker,* Assistant City Solicitor of the city of Providence, for defendant.